UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MELVIN R. BILLIOT**                                              **CIVIL ACTION**

**VERSUS**                                                         **NO. 12-2946**

**BRETT BEAVERS, ET AL.**                                          **SECTION "N"(3)**

### REPORT AND RECOMMENDATION

Plaintiff, Melvin R. Billiot, filed this civil action pursuant to 42 U.S.C. § 1983. In this lawsuit, he is suing Detective Brett Beavers, Detective Stephen Sodowski, Sergeant Billy Lewis, Deputy Ryan Singleton, and Public Defender Fredrick Evans Schmidt for their actions taken in connection with plaintiff's arrest and criminal prosecution in state court.

To better understand the factual basis of plaintiff's claims, the Court held a Spears hearing on January 30, 2013. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

In plaintiff's complaint and Spears hearing testimony, he alleges that he is currently being prosecuted in state court on a manslaughter charge and that no trial date has yet been set. He claims that Detective Brett Beavers, Detective Stephen Sodowski, Sergeant Billy Lewis, and Deputy Ryan

Singleton made false statements to obtain a search warrant in the case, falsely arrested him, and framed him for a crime he did not commit. He further claims that his public defender, Fredrick Evans Schmidt, is providing him with ineffective assistance of counsel in the ongoing state criminal proceedings.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[1]  Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing plaintiff's complaint and Spears hearing testimony,[2] the undersigned recommends that, for the following reasons, the claim against Fredrick Evans Schmidt be dismissed as frivolous and/or for failing to state a claim on which relief may be granted and that the claims against the remaining defendants be stayed.

Plaintiff's claim against Schmidt, his public defender, clearly fails. As noted, plaintiff filed this action pursuant to 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be

---

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

> subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983. Accordingly, for the claim against Schmidt to be cognizable pursuant to § 1983, he must have acted under color of state law. Plaintiff's claim therefore plainly fails, because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981).[3]

As to plaintiff's claims against Detective Brett Beavers, Detective Stephen Sodowski, Sergeant Billy Lewis, and Deputy Ryan Singleton, those claims are closely intertwined with his ongoing state criminal prosecution and should therefore be stayed for the following reasons.

Clearly, if plaintiff had already been convicted of the criminal charge against him, the claims against Beavers, Sodowski, Lewis, and Singleton would be barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider

---

[3] The Court recognizes that claims against an attorney for engaging in a conspiracy with a state actor are cognizable in a § 1983 action. Mills v. Criminal District Court #3, 837 F.2d 677, 679 (5th Cir. 1988); Brown v. Blaize, Civ. Action No. 08-3730, 2008 WL 3876573, at *2 n.2 (E.D. La. Aug. 20, 2008). However, plaintiff makes no such claim in this proceeding.

4

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (footnote omitted).  Here, plaintiff claims that the evidence against him was obtained based on a fraudulently procured search warrant and an illegal search and seizure. Because such a claim would necessarily imply the invalidity of a conviction based on such evidence, Heck would bar plaintiff's claim if he had already been convicted.  See Johnson v. Bradford, 72 Fed. App'x 98, 99 (5th Cir. 2003); Hall v. Lorenz, No. 02-50312, 2002 WL 31049457 (5th Cir. Aug. 30, 2002); Huntley v. Southern Methodist University, No. 3:08-CV-1847, 2009 WL 2190213, at *2 (N.D. Tex. July 17, 2009); McMillen v. Nunley, No. 3:02-CV-2367-L, 2003 WL 22227863, at *2 (N.D. Tex. Sept. 25, 2003), adopted, 2003 WL 22469080 (N.D. Tex. Oct. 22, 2003).  Similarly, Heck bars a false arrest claim brought by a convicted prisoner.  See Queen v. Purser, 109 Fed. App'x 659, 660 (5th Cir. 2004); Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995); Jordan v. Strain, Civ. Action No. 09-3565, 2009 WL 2900013, at *2 n.4 (E.D. La. Aug. 28, 2009); Landor v. Hogue, Civ. Action No. 07-9171, 2008 WL 243950, at *3 (E.D. La. Jan. 25, 2008).  Claims that a conviction has been tainted by the suppression, destruction, or alteration of material evidence likewise clearly fall within the Heck prohibition.  See, e.g., Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1999); see also White v. Fox, 294 Fed. App'x 955, 958 (5th Cir. 2008); McMillen, 2003 WL 22227863, at *2.

However, because plaintiff's criminal charge is still pending in state court, Heck is not directly applicable.  The United States Supreme Court has expressly held that Heck does not bar "an action which would impugn *an anticipated future conviction*...." Wallace v. Kato, 549 U.S. 384, 393 (2007).  Nevertheless, the Supreme Court has made clear that the limitation on Heck's direct

5

applicability does not mean that federal courts should forge ahead with cases in which similar considerations exist. Rather, the Supreme Court held:

> If a plaintiff files a false arrest claim before he has been convicted *(or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial)*, it is within the power of the district court, in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the civil suit would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

Id. at 393-94 (citations omitted; emphasis added). Therefore, under that reasoning, plaintiff's claims that the law enforcement officers made false statements to obtain a search warrant, falsely arrested him, and framed him for a crime he did not commit should be stayed until such time as his state criminal proceedings are concluded. If he is ultimately convicted, the defendants may move to reopen this case to have those claims dismissed pursuant to Heck. On the other hand, if plaintiff is acquitted, he may move to reopen the case to pursue those claims.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims against Fredrick Evans Schmidt be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that plaintiff's claims against Detective Brett Beavers, Detective Stephen Sodowski, Sergeant Billy Lewis, and Deputy Ryan Singleton be **STAYED**.

It is **FURTHER RECOMMENDED** that the Clerk of Court be directed to mark this action **CLOSED** for statistical purposes.

It is **FURTHER RECOMMENDED** that the Court retain jurisdiction and that the case be restored to the trial docket upon motion of any party once plaintiff's state criminal prosecution is concluded, so that the stayed claims may proceed to final disposition.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[4]

New Orleans, Louisiana, this twentieth day of February, 2013.

                                          **DANIEL E. KNOWLES, III**
                                        **UNITED STATES MAGISTRATE JUDGE**

---

[4] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.