### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**MELVIN R. BILLIOT**                                                    **CIVIL ACTION**

**VERSUS**                                                              **NO. 12-2946**

**BRETT BEAVERS, ET AL.**                                              **SECTION "N"(3)**

### REPORT AND RECOMMENDATION

Plaintiff, Melvin R. Billiot, filed this civil action pursuant to 42 U.S.C. § 1983.  In this lawsuit, he is suing Detective Brett Beavers, Detective Stephen Sodowski, Sergeant Billy Lewis, and Deputy Ryan Singleton for their actions taken in connection with plaintiff's arrest and criminal prosecution in state court.

In his complaint and in his Spears hearing testimony given on January 30, 2013, the plaintiff alleged that he was being prosecuted in state court on a manslaughter charge and that no trial date had yet been set.  He claimed that Detective Brett Beavers, Detective Stephen Sodowski, Sergeant Billy Lewis, and Deputy Ryan Singleton made false statements to obtain a search warrant in the case, falsely arrested him, and framed him for a crime he did not commit.  On March 15, 2013 this Court stayed the claims against these defendants until the criminal case ended, reasoning that plaintiff's claims that the law enforcement officers made false statements to obtain a search warrant, falsely arrested him, and framed him for a crime he did not commit were closely intertwined and related to the ruling that would likely be made in the pending criminal trial.  The plaintiff then filed a Motion to Lift Stay on February 23, 2015 asking that the District Court lift the stay and proceed

to final disposition due to the fact that the criminal action has been pending for four (4) years.[1]  That motion has been referred to the undersigned United States Magistrate Judge for the preparation of a report and recommendation.[2]

Taking into consideration the plaintiff's complaint, <u>Spears</u> hearing testimony and Motion to Lift Stay, the undersigned recommends that, for the following reasons, the claims against Detective Brett Beavers, Detective Stephen Sodowski, Sergeant Billy Lewis, and Deputy Ryan Singleton remain stayed and the plaintiff's Motion to Lift Stay be denied.

It is undisputed that a district court has inherent power to regulate the flow of cases and "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants". <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936).  This authority includes the district court's wide discretion to grant a stay in a pending matter. <u>In re Ramu Corp.</u>, 903 F.2d 312, 318 (5th Cir. 1990); <u>Francios v. City of Gretna</u>, Civ. Action No. 13-2640, 2014 WL 1118091, at *1 (E.D. La. Mar. 20, 2014).  Similarly, federal district courts are empowered to stay civil proceedings pending the completion of parallel criminal prosecutions, even when the request for a stay is made by the prosecution. <u>United States v. Kordel</u>, 397 U.S. 1, 12 n. 27 (1970) ("Federal courts have deferred civil proceeding pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action, sometimes at the request of the prosecution.") (<u>citing</u> <u>Campbell v. Eastland</u>, 307 F.2d 478 (5th Cir. 1962)).  Further, it is with common practice to stay the civil action until the criminal case is ended.  Federal courts are authorized to stay civil rights

---

[1] Rec. Doc. 9.
[2] Rec. Doc. 10.

claims attacking the legality of a plaintiff's arrest, prosecution, and detention until such time as the allegedly improper state prosecution has been concluded. See Wallace v. Kato, 549 U.S. 384, 393-94 (2007).

Accordingly, when "the interests of justice seem[] to require such action," a court may exercise its discretion to stay civil proceedings, postpone discovery, or impose protective orders and conditions." Kordel, 397 U.S. at 12 n. 27; see also, Mayo v. Tri-Bell Indus., 787 F.2d 1007, 1012 (5th Cir. 1986). Here, if this civil action is stayed until the conclusion of the criminal proceeding, there is no need to make rulings regarding potential discovery disputes involving issues that may affect the criminal case. State Farm Lloyds v. Wood, No. H-06-503, 2006 U.S. Dist. LEXIS 89566, 2006 WL 3691115, *3 (S.D. Tex. Dec. 12, 2006). Additionally, the outcome of the criminal proceeding may guide the parties in settlement discussion and potentially eliminate the need to litigate some or all of the issues in this case. Id.

In Wallace, the Supreme Court stated that the issue is whether plaintiff's damage claims are "relate[d] to rulings that will likely be made in a pending or anticipated criminal trial." Wallace, 549 U.S. at 393–94. If so, the civil action should be stayed until the criminal case is ended. Id. This Court has already found plaintiff's claims against Detective Brett Beavers, Detective Stephen Sodowski, Sergeant Billy Lewis, and Deputy Ryan Singleton, which allege the law enforcement officers made false statements to obtain a search warrant, falsely arrested him, and framed him for a crime he did not commit, are closely intertwined with his ongoing criminal prosecution. Thus, the legality of the search and seizure of evidence which forms the basis of the plaintiff's criminal case will clearly be determined in the pending prosecution.

3

However, even if the two proceedings were not intertwined, but difficult to determine the impact of adjudication of the §1983 claim on the criminal conviction, the district court should not dismiss the claims based on <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), but should instead stay the §1983 proceedings until the pending criminal case has run its course. <u>Guillory v. Wheeler</u>, 303 F.Supp.2d. 808, 809 (M.D. La.2004), (<u>citing</u> <u>Mackey v. Dickson</u>, 47 F.3d 744, 746 (5th Cir.1995)); <u>Quinn v. Guerrero</u>, No. 4:09-CV-166, 2010 WL 412901 at *2 (E.D. Tex. Jan. 28, 2010); <u>Busick v. City of Madison Mississippi</u>, 90 Fed. Appx. 713, 713–14 (5th Cir.2004) (where it is impossible to determine whether a plaintiff's civil claims relating to his arrest and criminal prosecution necessarily implicate the validity of any conviction or sentence that plaintiff has received or might receive because of ongoing criminal proceedings, the district court should have stayed the civil proceedings pending the resolution of the criminal charges against plaintiff); <u>Wallace</u>, 549 U.S. at 399 (noting propriety of stay of civil proceedings until completion of criminal action where <u>Heck</u> may bar damages claims); <u>Davis v. Zain</u>, 79 F.3d 18, 19 (5th Cir.1996) ("if some presently unforeseen or unarticulated conflict arises between the criminal retrial and the pending §1983 case, the district court may consider the propriety of a stay or, perhaps, abstention").

In <u>Mackey</u>, the plaintiff filed § 1983 claims challenging the legality of his arrests before it was clear whether he had been tried or convicted in his criminal case. <u>Mackey</u>, 47 F.3d at 746. The district court dismissed the plaintiff's claims based on <u>Heck</u>. <u>Id</u>. The Fifth Circuit reversed dismissal, stating that it was premature because it was unclear how his criminal case would be impacted by the § 1983 claims. <u>Id</u>. The Fifth Circuit noted that if the plaintiff were tried and convicted in his criminal case without any evidence resulting directly or indirectly from his alleged illegal arrests, then his

4

§ 1983 claims were not likely to be barred by <u>Heck</u>. <u>Id</u>. However, if the prosecution at his criminal trial presented evidence that was a direct or indirect product of his arrests, then the § 1983 claims could undermine the validity of his conviction and should be barred by <u>Heck</u>. <u>Id</u>. Therefore, in vacating the dismissal and remanding the case to the district court, the Fifth Circuit stated "The court *may — indeed should —* stay proceedings in the §1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two." <u>Id</u>. (emphasis added).

Ultimately, a district court has discretionary authority to stay a civil action pending the resolution of a parallel criminal proceeding when the interests of justice so require.  <u>State Farm Lloyds v. Wood,</u> No. H-06-503, 2006 WL 3691115, *1 (S.D.Tex. Dec. 12, 2006); <u>Volmar Distribs., Inc. v. N.Y. Post Co.,</u> 152 F.R.D. 36, 39 (S.D.N.Y.1993) (staying civil action until resolution of parallel criminal proceedings to "avoid duplication of effort and unnecessary litigation costs" and because "the outcome of the criminal case may encourage settlement" of the civil case).

In exercising its discretion to stay, a district court should consider the following factors: (1) the extent to which the issues in the criminal case overlap with the those presented in the civil case; (2) the status of the case, including whether the criminal defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to plaintiff caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.  <u>Alcala v. Tex. Webb Cty.,</u> 625 F.Supp 2d 391, 399 (S.D. Tex. 2009) (collecting district court cases within the Fifth Circuit to apply this test); <u>see also,</u> <u>Lebouef v. Global X-Ray and Testing Corp.,</u> No. 07-5755, 2008 U.S. Dist. LEXIS 6470, at *4 (E.D. La. Jan. 29, 2008)

(Barbier, J.) ("To determine whether special circumstances exist, the court must "balance the competing constitutional and procedural interests of the parties,' as illustrated through the six-factor test . . . .") (citation omitted).  If these factors show that discovery implicates the party's privilege, a court may stay discovery. See id. at *3.

The first factor to be resolved is the extent to which the issues in plaintiff's criminal cases will overlap with those in the present civil case, because self-incrimination is more likely if there is significant overlap. See Volmar Distribs., 152 F.RD. at 39.  Where an overlap between the civil and criminal proceedings exists, a court often feels compelled to grant a stay.  Astoria Entm't, Inc. v. Edwards, No. 98-3359, 1999 U.S. Dist. LEXIS 6040, at *3 (E.D. La. Apr. 22, 1989) (Duval, J.). Many courts have found that "the similarity of the issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay." See, e.g., Dominguez v. Hartford Fin. Servs. Grp., 530 F.Supp. 2d 902, 906-07 (S.D. Tex. 2008).  In addition, civil proceedings, if not deferred, can undermine a defendant's rights, including the privilege against self-incrimination under the Fifth Amendment. Javier v. Garcia-Botello, 218 F.R.D. 72, 75 (W.D.N.Y. 2003).  Here, the criminal charges against plaintiff arise from the same set of operative facts that underlie this civil case.  Therefore, the existence of this overlap creates a danger of self-incrimination, which weighs heavily in favor of granting a stay.

The second factor considers the status of the criminal proceeding.  Some courts have found the justification for obtaining a stay is often strongest before an indictment is handed down. SEC v. Offill, No. 07-1643, 2008 U.S. Dist. LEXIS 28977, 2008 WL 958072, at *2-3 (N.D. Tex. Apr. 9, 2008).  Here, the plaintiff's criminal charge is still pending in state court.  In addition, counsel for

the plaintiff is currently in the process of securing service on three potential defendants in anticipation of trial and expects the case to be tried and/or settled within the next couple of months.[3] Thus, this factor weighs in favor of a stay.

The plaintiff has filed the pending motion to lift stay. Therefore, factor three weighs against the stay.

The fourth factor is the defendant's burden. Defendants, Detective Brett Beavers, Detective Stephen Sodowski, Sergeant Billy Lewis, and Deputy Ryan Singleton, have not responded to the motion to lift stay and therefore this factor is inapplicable to this case.

The fifth factor considers the interest of the court and therefore weighs in favor of upholding the stay.

Lastly, the sixth factor rests upon the public interest. The Fifth Circuit has recognized that the public interest in law enforcement efforts through criminal investigation and prosecution of alleged wrongdoing is substantial:

> The very fact that there is clear distinction between civil and criminal actions requires a government policy determination of priority: which case should be tried first. Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities. Campbell, 307 F.2d at 487.

---

[3] Staff for the undersigned United States Magistrate Judge contacted counsel for the plaintiff on May 19, 2015 regarding the status of the state proceeding and was advised of the aforementioned.

Thus, the sixth factor weighs in favor of upholding the stay.

Clearly, the relevant factors support staying this civil case pending resolution of the parallel state criminal proceedings. Furthermore, even though there has not yet been a state criminal conviction, it is within the power of the district court to stay the plaintiff's §1983 claims until any related criminal case or the likelihood of a related criminal case is ended.[4] Wallace, 549 U.S. at 393–94, (citing Heck, 512 U.S. at 487–88, n. 8 (noting that "abstention may be an appropriate response to the parallel state-court proceedings.")). If evidence is presented at plaintiff's criminal trial that would be direct or indirect product of his arrest, then the §1983 claim would undermine the validity of his conviction. Additionally, it is within the interests of justice and judicial economy that the plaintiff's claim against Detective Brett Beavers, Detective Stephen Sodowski, Sergeant Billy Lewis, and Deputy Ryan Singleton remain stayed until plaintiff's criminal charges have been resolved. Thus, under the reasoning set forth above, plaintiff's Motion to Lift Stay should be denied.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's Motion to Lift Stay (Rec. 9) be **DENIED.**

It is **FURTHER RECOMMENDED** that the Court retain jurisdiction and that the case be restored to the trial docket upon motion of any party once plaintiff's state criminal prosecution is concluded, so that the stayed claims may proceed to final disposition.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days

---

[4] The Supreme Court extends the district court's power to stay a case to "any ... claim related to rulings that will likely be made in a pending or anticipated criminal trial." Wallace, 549 U.S. at 393.

8

after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted

by the district court, provided that the party has been served with notice that such consequences

will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto.</u>

<u>Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[5]

New Orleans, Louisiana, this 16th day of June, 2015.


**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.